**IT IS ORDERED as set forth below:**



**Date: April 1, 2022**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| SABRINA NICOLE WALLETTE, | : | 21-58227-LRC |
| Debtor. | : | |
| _____ | : | |
| LAKEISHA FULLER, | : | ADVERSARY PROCEEDING |
| | : | NO. 22-05015-LRC |
| Plaintiff. | : | |
| v. | : | |
| SABRINA WALLETTE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |
| | : | |

## ORDER

Sabrina Wallette ("Defendant") seeks dismissal of an objection to discharge (the "Complaint") filed by Lakeisha Fuller ("Plaintiff") because the Complaint fails to state a

claim upon which relief can be granted (the "Motion," Doc. 9). Defendant asserts that the Complaint fails to allege any facts that would support a finding that Defendant's discharge should be denied or that any debt owed by Defendant to Plaintiff is nondischargeable. Plaintiff has failed to respond, indicating that she does not oppose dismissal. *See* BLR 7007-1(c). This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(a); § 1334; § 157(b)(2)(I), (J).

Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 2, 2021 (the "Petition Date"). *See* Case No. 21-58227-LRC (Bankr. N.D. Ga.), Dkt. No. 1 (the "Bankruptcy Case"). On January 20, 2022, Plaintiff filed the Complaint. The Complaint alleges that Defendant owes Plaintiff a debt arising out of a vehicle accident, that Defendant was speeding, and that Defendant was driving without insurance at the time of the accident. Although the Complaint cites no specific provisions of the Bankruptcy Code and contains no prayer for relief, Plaintiff filed an adversary proceeding cover sheet upon which she indicated that her causes of action include determination of dischargeability of a debt pursuant to §§ 523(a)(4) and (a)(6), turnover of property pursuant to § 542(a), recovery of money or property, and objection to discharge under § 727(c).

2

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails 'to state a claim upon which relief can be granted.'" *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)).  When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested.  The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands*, *Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Consequently, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Here, the Complaint alleges no facts that would support an objection to

Defendant's general discharge or a request for turnover of property. Additionally, the facts alleged do not support a finding that any debt owed to Plaintiff is nondischargeable under either § 523(a)(4) or (a)(6).

As to the former, to satisfy the requirements of § 523(a)(4), the Complaint would need to allege that Defendant acted in a fiduciary capacity with regard to Plaintiff or embezzled or stole from Plaintiff. 11 U.S.C. § 523(a)(4). The Complaint does not.

As to the latter, § 523(a)(6) applies only to debts for willful and malicious injury to person or property. "'A debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury.'" *In re Kane*, 755 F.3d 1285, 1293 (11th Cir. 2014) (quoting *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012)); *see also In re Walker,* 48 F.3d 1161, 1165 (11th Cir. 1995); *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury).

Even assuming the facts alleged are true, as the Court must when considering a motion to dismiss, these facts do not demonstrate that Defendant owes Plaintiff a debt for a willful and malicious injury. *See Myrick v. Ballard (In re Ballard),* 186 B.R. 297, 299–

4

01 (Bankr. N.D. Ga. 1994) ("[E]ven if he intentionally drove his car while knowingly disregarding the fact that he had no insurance, Plaintiff has failed to show the existence of a genuine issue of material fact in terms of whether Defendant had the necessary subjective state of mind in relation to Plaintiff's subsequent injuries."); *In re Fields*, 203 B.R. 401, 411 (Bankr. M.D. La. 1996) ("The fact that it was foreseeable that financial loss might result as a result of Defendant's intentionally driving his car without liability insurance if the accident occurred is not sufficient for purposes of section 523(a)(6), because it might be that Defendant would never be involved in an accident while intentionally driving an uninsured vehicle."); *In re Westmoreland,* 31 F. App'x 838, *3 n.1 (5th Cir. 2002) (noting that courts have generally held "that the failure to insure a vehicle does not make a resulting debt nondischargeable under § 523(a)(6)"); *In re Novak*, 2009 WL 2998328, at *4 (Bankr. E.D. Tex. Sept. 17, 2009).

For these reasons,

IT IS ORDERED that the Motion is **GRANTED**;

IT IS FURTHER ORDERED that the Complaint is **DISMISSED**.[1]

---

[1] The Court acknowledges that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Taylor v. SunTrust Mortg., Inc*., 2011 WL 13319653, at *4 (N.D. Ga. Oct. 4, 2011), report and recommendation adopted, 2011 WL 13319652 (N.D. Ga. Nov. 23, 2011) (quoting *Spear v. Nix*, 215 Fed. Appx. 896 (11th Cir. 2007)).

**END OF DOCUMENT**

**Distribution List**

Lakeisha Fuller
#3002
2423 Martin Luther King Dr
Atlanta, GA 30311

Jeffrey B. Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161

Sabrina Wallette
4764 N Wexford Rd
College Park, GA 30349

---

Here, however, the Complaint does not suggest that additional facts would alter the outcome of this case and, therefore, granting leave for amendment appears to be futile.  Further, Plaintiff has not opposed the Motion or sought an opportunity to amend the Complaint, further suggesting that she would not benefit from an opportunity to amend.